JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
SHANNA GARNER

## DEFENDANTS
ADVANCED CALL CENTER TECHNOLOGIES, LLC

**(b)** County of Residence of First Listed Plaintiff: BUCKS
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
CRAIG THOR KIMMEL, KIMMEL & SILVERMAN, P.C.
30 EAST BUTLER PIKE, AMBLER, PA 19002
PHONE: (215) 540-8888 EXT. 116

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 400 State Reapportionment |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 410 Antitrust |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | [ ] 430 Banks and Banking |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 820 Copyrights | [ ] 450 Commerce |
| [ ] 151 Medicare Act | [ ] 340 Marine | | [ ] 830 Patent | [X] 460 Deportation |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / [ ] 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | [X] 480 Consumer Credit |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 863 DIWC/DIWW (405(g)) | [X] 890 Other Statutory Actions |
| [ ] 196 Franchise | | [ ] 751 Family and Medical Leave Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment / [ ] 510 Motions to Vacate Sentence | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations / [ ] 530 General | | | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities Employment / [ ] 535 Death Penalty | **IMMIGRATION** | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities Other / **Other:** [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education / [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | [ ] 555 Prison Condition | | | |
| | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. § 1692 et seq.
Brief description of cause:
FAIR DEBT COLLECTION PRACTICES ACT

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 06-10-15
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

15-CV-3254
JUN 10 2015
S.T.

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 27 Viking Lane, Levittown, PA 19054

Address of Defendant: 1235 Westlakes Drive, Suite 160, Berwyn, PA 19312

Place of Accident, Incident or Transaction: _____
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☒

Does this case involve multidistrict litigation possibilities?   Yes☐   No☒

RELATED CASE, IF ANY:
Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) 15 U.S.C. § 1692 et seq.

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Craig Thor Kimmel, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 06-10-15   _____   57100
            Attorney-at-Law   Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 06-10-15   _____   57100   JUN 10 2015
            Attorney-at-Law   Attorney I.D.#

CIV. 609 (5/2012)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | |
|---|---|
| SHANNA GARNER<br>v.<br>ADVANCED CALL CENTER TECHNOLOGIES, LLC | CIVIL ACTION<br><br>NO. 15  3254 |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    (X)

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    ( )

| 06-10-15 | | Plaintiff, Shanna Garner |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-540-8888 x 116 | 877-788-2864 | kimmel@creditlaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02



JUN 10 2015

UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

SHANNA GARNER,               )
                             )
     Plaintiff               )       15    3254
                             )
     v.                      )  Case No.:
                             )
ADVANCED CALL CENTER         )  COMPLAINT AND DEMAND FOR
TECHNOLOGIES, LLC,           )  JURY TRIAL
                             )
     Defendant               )

## COMPLAINT

SHANNA GARNER ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against ADVANCED CALL CENTER TECHNOLOGIES, LLC ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

1

PLAINTIFF'S COMPLAINT

U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant has an office and conducts business in the Commonwealth of Pennsylvania and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. §§ 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Levittown, Pennsylvania 19054.

6. Plaintiff is a "person" with standing to bring this suit pursuant to 15 U.S.C. §1692k(a).

7. Defendant is a debt collection company with its principal place of business located at: 1235 Westlakes Drive, Suite 160, Berwyn, Pennsylvania 19312.

8. Upon information and belief, Defendant is a corporation that provides call center, collections and debt purchase services to companies in the United States.

9. At all times material hereto, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6), and repeatedly contacted Plaintiff in its attempts to collect a "debt" as defined by 15 U.S.C. § 1692(a)(5) for another person.

PLAINTIFF'S COMPLAINT

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Upon information and belief, at all pertinent times hereto, Defendant was hired to collect a consumer debt and contacted Plaintiff in an attempt to collect that debt.

12. Upon information and belief, Defendant collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone and/or internet.

13. Upon information and belief, the alleged debt Defendant was seeking to collect arose out of transactions that were primarily for personal, family, or household purposes.

14. Beginning in September 2014, and continuing through October 2014, Defendant repeatedly contacted Plaintiff on her cellular telephone in its attempts to collect a debt of another person.

15. Plaintiff knew it was Defendant calling because she has spoken with its collectors and its number appeared on her caller id.

16. Defendant called Plaintiff, on average, once a day.

17. In those instances when the parties spoke, Defendant's collectors claimed they were calling to collect a debt of a person, other than Plaintiff.

18. On at least one occasion, Plaintiff informed Defendant that it was calling the wrong number and to stop calling her, as its calls were to her inconvenient and wasteful of her cellular telephone minutes.

19. However, Defendant did not remove Plaintiff's cellular telephone number from its database.

20. Rather, Defendant continued to call Plaintiff in its attempts to collect a debt of a third person, despite knowing it was calling the wrong person.

21. When Defendant was told that it was calling the wrong number, there was no purpose for additional calls to Plaintiff except to harass, annoy or abuse Plaintiff.

22. Defendant failed to update its records and/or failed to investigate the information provided by Plaintiff to avoid further harassment.

23. Most recently, Defendant called Plaintiff on: September 29, 2014, at 12:38 p.m. and 12:39 p.m.; September 30, 2014, at 12:35 p.m. and 5:22 p.m.; October 1, 2014, at 3:22 p.m.; October 3, 2014, at 5:29 p.m.; October 4, 2014, at 8:59 a.m.; October 6, 2014, at 5:56 p.m.; October 7, 2014, at 8:16 p.m.; October 8, 2014, at 5:43 p.m.; October 9, 2014, at 10:29 am. And 5:23 p.m.; and October 10, 2014, at 12:35 p.m.

# DEFENDANT VIOLATED THE
# FAIR DEBT COLLECTION PRACTICES ACT

## COUNT I

24.  Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. § 1692b(3).

    a.  Section 1692b(3) of the FDCPA prohibits a debt collector from communicating with any person other than a consumer more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information.

    b.  Here, Defendant violated § 1692b(3) of the FDCPA by communicating with Plaintiff more than once about another person's debt, despite having been notified that it was calling the wrong person and that Plaintiff did not want to receive its collection calls.

## COUNT II

25.  Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. §§ 1692d and 1692d(5).

    a.  Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to

harass, oppress, or abuse any person in connection with the collection of a debt.

    b.    Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

    c.    Here, Defendant violated §§ 1692d and 1692d(5) of the FDCPA when it called Plaintiff, on average, once a day to collect the debt of another person, as well as continuing to call Plaintiff after it was informed that it was calling the wrong person.

## COUNT III

26.    Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. § 1692f.

    a.    Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect any debt.

    b.    Here, Defendant violated § 1692f of the FDCPA by failing to update its records to avoid the further harassment of Plaintiff after having been told it was calling the wrong person, as well

as failing to remove Plaintiff's number from its call logs, as evidenced by its continued calls to Plaintiff.

WHEREFORE, Plaintiff, SHANNA GARNER, respectfully prays for a judgment as follows:

    a.    All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b.    Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    d.    Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, SHANNA GARNER, demands a jury trial in this case.

PLAINTIFF'S COMPLAINT

|  |  |
|---|---|
| Date: 06/10/15 | RESPECTFULLY SUBMITTED,<br><br>By: _____<br>CRAIG THOR KIMMEL<br>Attorney ID No. 57100<br>Kimmel & Silverman, P.C.<br>30 E. Butler Pike<br>Ambler, PA 19002<br>Phone: (215) 540-8888<br>Fax: (877) 788-2864<br>Email: kimmel@creditlaw.com |

PLAINTIFF'S COMPLAINT